IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin Conrad, ) | |
| ) | No: 4:15-cv-03374-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Captain Donnie Stonebreaker, ) | |
| Captain Fritz Ford, Lt. Katurah Gause, ) | |
| Officer Michael Watters, Jr., ) | |
| Officer Dallas Phelps, and Sgt Evoney Shaw ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court grant Defendant's Motion for Relief from Entry of Default and deny Defendant's Motion for Summary Judgment without prejudice and with leave to refile following the completion of "discovery." (Dkt. No. 46 at 10) For the reasons set forth below, the Court **ADOPTS** the R & R.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

1

## Background

Plaintiff is an inmate at Allendale Correctional Institution ("ACI"). He brings a claim pursuant to 42 U.S.C. §1983, alleging that Defendant Watters and others were deliberately indifferent to a significant risk to Plaintiff's physical safety and violated his due process rights. Plaintiff served an adult of age at Defendant's residence on September 5, 2015, but Defendant failed to respond by the September 22 deadline. (Dkt. No. 5). Plaintiff did not request an entry of default, but Defendant filed a motion for relief from default. (Dkt. No. 13). Defendant subsequently filed a motion for summary judgment. (Dkt. No. 38).

The Magistrate Judge issued an R & R recommending that the Court grant Defendant's motion for relief from default, deny Defendant's motion for summary judgment, and provide the parties with an opportunity to complete "discovery." (Dkt. No. 46 at 10). Defendant timely filed objections. (Dkt. No. 55).

## Discussion

For the reasons stated in the R & R, the Court agrees with the Magistrate Judge that Defendant has put forth sufficient evidence to establish good cause for failing to timely file an answer. (Dkt. No. 46 at 5-6). Therefore the Court agrees Defendant's Entry of Default should be set aside to allow for a disposition on the merits. *Tolston v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) ("It has been held in an extensive line of decisions that [Rule 55(c) is] . . . to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments. Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.") (internal citations omitted). Neither party has filed objections to this portion of the R & R.

The Court also agrees with the Magistrate Judge's recommendation to deny Defendant's motion for summary judgment as premature without prejudice. Defendant has filed objections to allowing discovery on all issues. (Dkt. No. 53 at 1). He asserts that discovery of all issues is improper at this time because exhaustion of administrative remedies is a prerequisite to filing a § 1983 claim under the Prison Litigation Reform Act 42 U.S.C. § 1997e(a). However, Defendant bears the burden of showing that Plaintiff failed to exhaust administrative remedies, *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005), and Defendant has not met that burden at this time. Accordingly, summary judgment is premature at this time, and discovery may proceed. If, after conducting some discovery, Defendant again moves for summary judgment for failure to exhaust administrative remedies, the Court will conduct its analysis anew.

## Conclusion

The Court **ADOPTS** the Magistrate Judge's R & R as the Order of the Court (Dkt. No. 46). Accordingly, Defendant's Motion to Set Aside Default is *granted* (Dkt. No. 13), Defendant's Motion for Summary Judgment is *denied* without prejudice (Dkt. No. 38), and the parties are granted leave to conduct discovery.

**AND IT IS SO ORDERED**

Richard M. Gergel
United States District Court Judge

March 29, 2016
Charleston, South Carolina